# BEYGEH v. CITY OF CHICAGO,

## and

## WARD v. SAME.

1. SPECIAL ASSESSMENT—*to make up amount not collected on original assessment.* Where a judgment was sought upon a new special assessment to make up the amounts which the city had failed to collect of the original assessment for improving a street, but the papers and proceedings on the original were not introduced in evidence: *Held*, that this court could not determine the validity of the new proceeding, so far as it depended upon the character of such original proceedings, because of the absence from the record of all evidence pertaining to them.

2. SAME—*same objections heard as on certiorari.* On an application for judgment against city lots for delinquent special assessments, where the objectors introduced in evidence under appropriate objections a certified copy of the record of the proceedings, it was held that they had the same right to challenge their validity as they would upon a *certiorari* and thus defeat the application.

3. PUBLICATION—*sufficiency of certificate of.* Where the publisher of a newspaper gave the following certificate of the publication of certain notices required in a proceeding to make and confirm certain special assessments by a city: "This certifies that the appended corporation notice has been published in the Chicago Republican, the corporation newspaper of the city of Chicago, county of Cook, and state of Illinois, six days consecutively, *excepting* Sundays and *holidays*, commencing on the 24th day of September, A. D. 1869:" *Held*, that the certificate was fatally defective in not stating the last day of the publication, and that owing to the exception thrown in, the certificate could not be aided by any inferences.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. WILLIAM HOPKINS, Mr. THOMAS J. TULEY, and Messrs. WARD & STANFORD, for the appellants.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

These cases both arise out of the same record and involve the same questions. They were brought to, heard and decided at the September term, 1870, of this court, and an opinion filed. Since which time we have had occasion to fully and thoroughly examine some of the questions supposed to be involved, and partially discussed, in that opinion; and, having arrived at a conclusion not altogether in harmony with the views expressed in the former opinion, we have deemed it proper to order a rehearing, not for the purpose of changing the judgment, but for that of a modification of such views.

It appears from the record that at the March term, 1870, of the Superior Court of Chicago, an application was made on behalf of the city, for judgment against the real estate of appellants and others, upon a new special assessment warrant to make up the amount which the city had failed to collect of an original assessment for curbing, paving, etc., a portion of Halsted street in said city. To which application the appellants filed various objections. Upon the hearing, the objectors introduced in evidence certified copies of the entire proceedings for levying the new assessment, but neither party introduced any pertaining to the original. The court below overruled the objections and gave judgment in favor of the city and against the real estate, the owners of which brought the case to this court by appeal.

Upon a careful revision of the record we are now satisfied, in view of the decision in the cases of the *Union Building Association* v. *City of Chicago*, 61 Ill. 439, and *Workman et al.* v. *The Same*, ib. 463, that the question of the validity of the new assessment to make up the deficiency of a former original assessment, so far as it is dependent upon the character of such original proceedings, can not properly be determined in this case, because of the absence from the

record of all evidence pertaining to them.    Nor shall we express any opinion in this case, as respects the *onus probandi.*

But, inasmuch as the objectors introduced in evidence, under appropriate objections, a certified copy of the record of the proceedings in the new assessment, they have the same right to challenge their validity as they would upon *certiorari.*

It appears from such copies that the certificates of the printer of the publication of the notices of the completion of the assessment, and of the application by the commissioners to the common council for confirmation of the assessment, are fatally defective.    That of the publication of the notice of the completion of the assessment, is thus :  "This certifies that the appended corporation notice has been published in the Chicago Republican, the corporation newspaper of the city of Chicago, county of Cook, and state of Illinois, six days consecutively, *excepting* Sundays and *holidays,* commencing on the 24th day of September, A. D. 1869.

Chicago, Oct. 1st, 1869.      S. W. Powell, Publisher."

The other certificate is precisely like this, except that it says " commencing with Friday, the 8th day of October, 1869."

The   advertisement of these notices in the corporation newspaper is imperatively required by the charter.

The general statute of the State provides that  " When any notice or advertisement shall be required by law, or under the order of any court, to be published in any newspaper, the certificate of the printer or publisher, with a written or printed copy of such notice or advertisement annexed, *stating* the number of times which the same shall have been published, and *the dates of the first and last papers containing the same,* shall be sufficient evidence of the publication therein set forth."

This statute has been in force over a quarter of a century, is plain, unambiguous, and easy of compliance.

In these certificates the printer not only fails to state the date of the last paper containing the advertisement, but throws into it, after the words " six days consecutively," the words, " excepting Sundays *and holidays."*    So that, conceding

192          BEYGEH v. CITY OF CHICAGO, ETC.     [Sept. T.,

Opinion of the Court.

that we might, in a proper case, depart from the literal reading of the statute requiring the certificate to *state* the *date* of the last paper containing the advertisement, and indulge in inferences, we are here precluded from doing so by the exception. The counsel for the city insists that we should hold that the printer intended *legal* holidays only, and that the court can take judicial notice when they occur. There is no basis for any such presumption. The law has nowhere made it the duty of the publisher of the corporation newspaper of Chicago to determine any such question. The paper in question was designated, under the authority of the city charter, as the corporation newspaper; and in which all the various notices required by the charter should be published. It is a sort of permanent selection for a long period of time. One would naturally suppose that the very first thing that the publisher of the paper so designated would do, would be to ascertain what the law demanded in order to constitute a valid certificate. This publisher, failing in this reasonable precaution, and having issued these and large numbers of other certificates like them, as we judicially know, thus betraying either ignorance in respect to his duties, or reckless indifference in so important matters, does not seem to be a person whose judgment, as to which holidays are legal and which are not, ought to have much weight. If the law confided to him the decision of that question, his judgment might be conclusive; but as it does not, we can not know what days he allowed for holidays, and therefore can not determine from the facts stated in the certificate what was the date of the last paper containing the advertisement.

The judgment of the court below is reversed, and the causes remanded.

*Judgment reversed.*