A. B. McCHESNEY *et al.*

*v.*

THE PEOPLE *ex rel.* CHARLES KERN, Collector.

*Filed at Ottawa, June 19, 1893.*

1. NOTICE—*publication—and proof thereof.* Section 1, ch. 100, of the statutes provides that when any notice shall be required by law to be published in any newspaper, and no other mode of proving the same is provided, the certificate of the publisher, with a written or printed copy of such notice annexed, stating the number of times the same has been published, and giving the dates of the first and last papers containing the same, shall be evidence of the publication therein set forth.

2. SAME—*certificate of publication.* A certificate of the publisher of a daily newspaper in a city, certified that a notice of which the annexed is a true copy, had been published five successive days in the Chicago Mail, a daily newspaper printed in the city of Chicago, in said county, and that the date of the first paper containing the said published notice was the 5th day of February, A. D. 1892, and that the date of the last paper containing the same was the 10th day of February, A. D. 1892: *Held,* that this certificate was a compliance with the statute.

3. A publisher of a daily newspaper certified that an annexed notice was published in such paper for five succesive days. The paper containing the first insertion was issued February 5, 1892, and the last paper containing the same was issued February 10, 1892, but the certificate was dated February 8, 1892: *Held*, that the certificate was fatally defective, as it was impossible for the publisher to certify on the 8th of February that the notice was published in his newspaper on the 9th and 10th days of the same month, and the court could not know whether the error was in the date of the certificate or in the date of the last publication.

4. SAME—*publication*—*Sunday not counted.* When a notice is required to be published five successive days in a daily newspaper, a Sunday intervening, the publication on that day will not be counted, as it is *dies non juridicus.*

5. SAME—*jurisdiction by publication.* To obtain jurisdiction by means of publication of notice, it must affirmatively appear that the statute has been strictly pursued and its provisions complied with.

6. SPECIAL ASSESSMENTS—*duty to make assessment roll.* By sec. 26, art. 9, chap. 24, R. S., the commissioners appointed to make a special assessment are required to make and return an assessment roll, which shall contain a description of each lot, block, tract or parcel of land, the amount assessed as special benefits, and the names of the owners so far as known.

7. SAME—*notice of final hearing before confirmation.* The next section requires the commissioners to give notice of the time at which a final hearing will be had upon such roll, and they are required to mail to each owner of premises, when name and place are known to them, a notice thereof, the form of which is given in the statute. They are also required to give notice by posting the same in at least four public places in the neighborhood; and if a daily paper is published in the city or village, by publishing the same at least five successive days in such daily paper, the form of which is given.

8. The next section requires that one or more of the commissioners, on or before the final hearing, file an affidavit that the notices were sent by mail, as required in the preceding section, and also an affidavit of the person who posted the notices, that they were posted as required therein; and that a certificate of the publication of said notice be filed in like manner as required in other cases.

9. SAME—*jurisdiction—to enter judgment of confirmation.* The mailing, posting and publication of the notices required by the statute are necessary to confer jurisdiction upon the court to render judgment of confirmation of special assessments.

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Mr. F. W. BECKER, for the appellants.

Mr. F. W. HAYES and Mr. JOHN S. MILLER, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is an appeal from a judgment of the County Court of Cook county, against the lands of appellants, for the amount of a special assessment returned delinquent, and which was levied in a proceeding by the city of Chicago to assess benefits to said lands, among others, by the opening of Madison avenue, and to pay compensation and damages awarded in condemnation proceedings for the opening of said avenue. The amount returned by commissioners against appellants' land was $640.00; and appellants failing to appear in the assessment proceeding, judgment of confirmation was rendered therein.

The objections interposed in the County Court go to the jurisdiction of the court rendering the judgment of confirmation. By section 26, art. 9, ch. 24, R. S., the commissioners appointed to make the assessment are required to make and return an assessment roll, which shall contain a description of each lot, block, tract or parcel of land, the amount assessed as special benefits, and the names of the owners so far as known. The next section requires the commissioners to give notice of the time at which a final hearing will be had upon such roll. They are required to mail to each owner of premises assessed, where name and place are known to them, a notice thereof, the substantial form of which is given in the statute. Second, they shall cause at least ten days' notice to be given, by posting notices in at least four public places in the neighborhood of the proposed improvement; and when a daily paper is published in such city, or village, by publishing the same at least five successive days in such daily newspaper, the form of which, to be substantially followed, is also prescribed. The next section requires that one or more of the commis-

sioners, on or before the final hearing, file an affidavit that the notices were sent by mail as required in the preceding section, and also an affidavit of the person who posted the notices, that they were posted as required therein; and that a certificate of the publication of said notice be filed, in like manner as is required in other cases. By referring to section 1, ch. 100, of the statutes, we find it provides, that when any notice shall be required by law to be published in any newspaper, and no other mode of proving the same is provided, the certificate of the publisher, with a written or printed copy of such notice annexed, stating the number of times the same has been published, and giving the dates of the first and last papers containing the same, shall be evidence of the publication therein set forth.

.Appellants entered a special appearance in the County Court, and objected to the entry of judgment against their lands, for the delinquent special assessments, for the reason that the court rendering judgment of confirmation was without jurisdiction to enter the same. That the mailing, posting and publication of the notice required by the statute, are necessary to confer jurisdiction upon the court, to render judgment of confirmation, in cases of special assessment, is unquestioned.

The commissioners filed, in attempted compliance with the statute, the following certificate of publication of notice:

"STATE OF ILLINOIS, ⎰
    COOK COUNTY.    ⎱ ss.

This certifies that a notice, of which the annexed notice is a true copy, has been published five successive days in the Chicago Mail, a daily newspaper published in the city of Chicago, in said county, and that the date of the first paper containing the said published notice was the 5th day of Feb. A. D. 1892, and that the date of the last paper containing the same was the 10th day of Feb. A. D. 1892. * * * In witness whereof Joseph R. Dunlop, publisher of said Chicago Mail, has signed this certificate this 8th day of February, 1892. JOSEPH R. DUNLOP, *Publisher.*"

The first objection is, that the notice does not state the number of times the same was published, as required by section 1, ch. 100, R. S. (*Beygeh* v. *City of Chicago*, 65 Ill. 189.) The statute requires in cases of this kind, where there is a daily newspaper published in the city or village, that the notice shall be published "at least five successive days in such daily newspaper," and a certificate thereof by the publisher, filed in like manner as required in other cases of publication of notice, is made sufficient evidence of the fact of publication. Here the certificate by the publisher is, that the notice "has been published five successive days in the Chicago Mail, a daily newspaper," etc., and giving the date of the first and last papers containing the notice, as provided in and by said section 1, ch. 100, R. S., before referred to. We are of opinion that this was a compliance with the statute.

It is also objected, that as it was shown by the evidence that the 7th day of February, 1892, was Sunday, and that no publication was had on that day, the notice was not published "five successive days," unless Sunday is to be treated as *dies non juridicus.* The contention is, that it can not be so regarded. This question arose directly in *Scammon* v. *City of Chicago,* 40 Ill. 146. It was there necessary to include a publication on Sunday, to render the notice of filing an assessment roll valid, and it was held to be invalid. It is there said: "If the service of civil process would be invalid on Sunday, it necessarily follows that a publication of this notice on Sunday, if the law required but a single publication, would be equally invalid, and the same rule must be applied to the present case, in which the Sunday publication must be counted to make out the required number. The notice stands in place of process, and it must be given on those days of the week which the law recognizes as appropriate to business of this character. To permit it to be given on Sunday, is against the spirit and policy of our law." The cases of *Langabier* v. *F. P. &*

*N. W. Ry. Co.*, 64 Ill. 243; *Kingsbury* v. *Buckner*, 70 id. 514, and *Richmond* v. *Moore*, 107 id. 429, are cited by counsel for appellants as announcing a different rule. We do not so understand the cases. The first related to the issue of an injunction to prevent irreparable injury to property, and where the prompt interposition of a court of chancery was necessary to prevent the threatened harm. The case in 70 Ill. arose out of the contract of the parties, and the publication on Sunday was sustained upon that ground, and *Scammon* v. *City of Chicago* was expressly distinguished by the court from that case. *Richmond* v. *Moore* has no application here. It was there held merely, that a contract entered into on Sunday was not necessarily void. We are of opinion that this objection is not well taken.

It will be observed that the certificate shows, that the date of the first paper, containing the published notice, was the 5th day of February, 1892, and the date of the last paper, containing the same, was the 10th day of February, 1892, making five successive days, excluding Sunday, as *dies non juridicus*, as was proper to be done. It, however, appears affirmatively, that the certificate was made by the publisher on the 8th day of February, 1892, and is attested by him as having been made on that day. No evidence was offered tending to show mistake in the date of the certificate, or explanatory of it. The certificate of the publisher is the only evidence in the record as to when it was made, or as to the publication of the notice. It can not be said, we think, that the date solemnly given under the hand of the publisher can be excluded or ignored, with any greater reason than can the dates given in the body of the certificate itself. It was impossible for the publisher to certify, on the 8th day of February, that the notice was published in his newspaper on the 9th and 10th days of the same month. The court could not know whether the error was in the date of the certificate or in the date of the last publication.

To obtain jurisdiction by means of publication, it must affirmatively appear, that the statute has been strictly pursued and its provisions complied with.

We are of opinion, that the court rendering the judgment of confirmation was without jurisdiction to render the same, and the judgment of the County Court against appellants' lands, for such alleged delinquent special assessment, was erroneously entered, and must be reversed.

*Judgment reversed.*