ROBERT R. RASMUSSEN

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa January 15, 1895.*

SPECIAL ASSESSMENTS—*sufficiency of notice as to time.* The publication of a notice of a hearing on an application for confirmation of the assessment roll, for seven successive days, including one Sunday, and Monday which was July 4, complies with the statute providing that such notice shall be published at least five successive days.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

CHARLES T. MASON, for appellant.

JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

This is an application by the county collector of Cook County for judgment against delinquent lands for a special assessment for water-service pipes in a part of Ked-

zie Avenue in Chicago. Appellant appeared and filed written objections, which were overruled; and judgment was rendered. The present appeal is prosecuted from such judgment.

Appellant has waived and withdrawn all objections except the seventh, which is the only one now insisted upon. Appellant did not appear in the special assessment proceeding; judgment therein against his property was by default, no objections having been filed. The seventh objection here is, in substance, that the county court acquired no jurisdiction to render the judgment confirming the assessment roll, and that said judgment was void, upon the alleged ground that there was failure to give the statutory notice.

Section 27 of article 9 of chapter 24 of the Revised Statutes provides as follows: "It shall be the duty of such commissioners to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: * * * Second, they shall cause at least ten days' notice to be given, by posting notices in at least four public places in such city or village, two of which shall be in the neighborhood of such proposed improvement, and when a daily newspaper is published in such city or village, by publishing the same at least five successive days in such daily newspaper," etc. Section 28 provides that the commissioners shall file a certificate of publication of said notice in like manner as is required in other cases of publication of notices.

The certificate of publication recites "that a notice * * * has been published five successive days, * * * and that the date of the first paper containing the said published notice was the first day of July, A. D. 1892, and that the date of the last paper containing the same was the seventh day of July, A. D. 1892."

. It is stipulated, that the third day of July, 1892, was Sunday. Counsel for appellant claims, that the remain-

ing six days of the period of publication were *dies juridici* for the publication of a notice of this kind; that the newspaper is shown by the certificate to have been a daily paper; and that the notice cannot be said to have been published for five successive days when the period of publication covered six days.     We can see no force in the objection made to the publication of the notice, and think that the certificate was sufficient.   Sunday is a *dies non juridicus,* (*McChesney* v. *The People,* 145 Ill. 614); and, hence, an intervening Sunday will not be counted where a notice is required to be published five successive days in a daily newspaper.

Counsel for appellant assumes that Monday, the fourth day of July, is a *dies juridicus* so far as this publication is concerned.   It is not necessary to decide whether this is so or not, but if it is not so, the notice was published for five successive days without counting the intervening Sunday and Monday.   (*McChesney* v. *The People, supra*).

The judgment of the county court is affirmed.

*Judgment affirmed.*