### GRANVILLE W. BROWNING *et al.*

*v.*

### THE CITY OF CHICAGO.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*when two or more judgments may be entered for the same assessment.* Two or more judgments in relation to the same assessment for a public improvement may be entered, where objections are filed to only part of the real estate assessed, under the statute giving the court power to continue an application for confirmation as to any part of the premises, and providing that where appeals are taken the city shall proceed to collect the residue of assessments not affected.

2. SAME—*jury cannot change assessment where not objected to.* An assessment upon lots as to which no objections are filed cannot be changed by the verdict of a jury impaneled in a proceeding for a public improvement, but such attempted change will not affect the verdict as to the issues properly before the jury.

3. SAME—*court may re-cast assessment after default.* It is not error for the court to exercise its right to re-cast an assessment as to all or a part of real estate assessed, by a reference to commissioners for that purpose, although a default has been entered as to one lot and no objection made as to another, as the order amounts to setting aside the default.

4. SAME—*court may allow separate trials to separate objectors.* It is within the discretion of the court to allow a separate trial to separate objectors to an assessment for a public improvement, as the proceedings and judgment as to the lots assessed are several, although the right to *demand* a separate trial does not exist.

APPEAL from the County Court of Cook county; the Hon. C. H. DONNELLY, Judge, presiding.

H. S. MECARTNEY, and WOOLFOLK & BROWNING, for appellants.

ADOLPH KRAUS, MAHER & GILBERT, WILSON, MOORE & McILVAINE, and GEORGE W. SMITH, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a judgment confirming a special assessment levied to pay for the improvement of Thirty-third street, from Archer avenue to Oakley avenue, in the city of Chicago. Different owners of property assessed filed separate objections, the principal one being, that the property of the respective owners who filed objections had been assessed more than it had been benefited, and more than its proportionate share. The objections filed by the separate owners were substantially the same. The court entered an order confirming the assessment as to all lots where no objections had been filed, as a judgment by default, and ordered "that a default be and is hereby entered against each and all lots, blocks, tracts and parcels of land assessed and described in the said assessment for said improvement, returned and filed in this court, as to which no objections had been filed, and that said assessment and all proceedings be and the same are hereby confirmed, except as to the real estate described in objections on file, and that the clerk of this court certify the assessment roll returned by said commission-ers, together with this judgment, to the city as required by law." The order then describes the real estate for which objections had been filed against the assessment as returned by the commissioners. Subsequently an order was entered limiting the time within which objections should be filed. The case coming on for hearing on these objections, upon a stipulation between the attorneys for

the petitioner and one of those representing certain objectors, it was ordered that the trial as to the latter should be postponed, to be called for trial upon further notice, and the cause proceed to trial as to all other objectors. On the trial being so proceeded with, the jury returned the following verdict:

"We, the jury, find the issues for the petitioner herein, and that the property of the objectors is not assessed more or less than it will be benefited by the proposed improvement, nor more or less than its proportionate share of the cost of said improvement, except as to lot 24, block 17, which we find is benefited one dollar; also lot 36, block 17, which we find is benefited $831.50."

To the assessment on the two lots described in the verdict no objections had been made or filed, and when the motion for new trial came on to be heard upon the motion of the objectors, the court, upon its own motion, amended the verdict by striking out all that part of it relating to those two lots. At the same time, upon motion of counsel for the city, it was ordered that the commissioners re-cast the assessment on the two lots in the verdict mentioned and described. The motion for new trial was denied, and to these several orders exception was taken. Thereupon it was adjudged by the court that the assessment as thus found by the jury and as amended by the order of court, and all proceedings therein, be confirmed, and the clerk certify the same, together with the judgment, to the collector of the city of Chicago. The objections which were continued remained undetermined, no trial yet being had.

The objectors against whom the judgment was entered on the verdict of the jury prosecute this appeal, and by their briefs herein filed three several points are urged as reasons for reversing this judgment as to them. These points, as argued in this case, are those included in the fourth, fifth, sixth, seventh, eighth and tenth assignments of error:

"*Fourth*—The verdict is contrary to the preponderance of the evidence, and is unjust and improper, and the court erred in entering judgment on the verdict.

"*Fifth*—The jury misapprehended the case before them, and assumed to change the assessment on property for which objections were not made. The verdict and judgment, for that reason, are invalid.

"*Sixth*—The court erred in granting the motion of the city of Chicago to re-cast the assessment as to lots twenty-four (24) and thirty-six (36), in said block seventeen (17), after the jury, by their verdict, had determined the proper assessment of said lot twenty-four (24), and after judgment of confirmation had been entered by default as to said lot thirty-six (36).

"*Seventh*—The court erred in trying the case as to only a part of the objectors, and in setting off lots twenty-five (25) and twenty-six (26), in block three (3), and lot one (1), block five (5), in Walker's subdivision of the north-west quarter (N. W. ¼) of section thirty-one (31), township thirty-nine (39), north, range fourteen (14), for a separate trial, contrary to the statute in such case made and provided and contrary to law.

"*Eighth*—The court erred in granting the motion of the city of Chicago to re-cast the assessment as to certain lots, and entering judgment on the verdict excluding such lots.

"*Tenth*—The court erred in ordering the confirmation of the special assessment, etc., and entering judgment, etc., when the commissioners had not reported their action in re-casting the assessment as to lots 24 and 36, in block 17, etc., and, before such re-casting had been made and the same confirmed or objected to, making two distinct and separate assessments for the same improvement."

The fifth, sixth, seventh, eighth and tenth assignments of error will be considered together, and they involve the question whether two or more judgments in relation

to the same assessment roll may be entered where objections are filed to only part of the real estate.

Section 30 of article 9 of the act for the incorporation of cities and villages provides, that "as to all lots, blocks, tracts and parcels of land to the assessment of which objections are not filed within the time ordered by the court, default may be entered and the assessment confirmed by the court." Section 31 provides for the hearing of objections, as follows: "The hearing shall be conducted as in other cases at law, and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed, *and judgment shall be rendered accordingly.*" Section 33 gives the court power over the assessment, and to make changes therein, and provides that the court "may take all such proceedings and make all such orders as may be necessary to make a true and just assessment of the cost of such improvement, according to the principles of this act, and may, from time to time, as may be necessary, *continue the application for that purpose as to the whole or any part of the premises.* Section 34 provides that a judgment shall have the effect of a several judgment as to each parcel of land, and that "*any appeal from such judgment or writ of error shall not invalidate or delay the judgment, except as to the property concerning which the appeal or writ of error is taken.*" Section 35 provides: "The clerk of the court in which such judgment is rendered shall certify the assessment roll and judgment to the officer of such city or village authorized to collect such special assessments, or if there has been an appeal or writ of error taken on any part of such judgment, *then he shall certify such part of the judgment as is not included in such appeal or writ of error.*"

The provision of section 33 specifically providing that the court shall have the power to continue the applica-

tion for the confirmation of the assessment as to any part of the premises, necessarily implies the power of the court to dispose of the application as to the property not covered by such continuance. It can only be disposed of by a judgment, and when the objections are subsequently disposed of as to the property covered by the continuance, another judgment would also be necessary. This necessarily follows from the power given to the court in clear and unambiguous terms by the statute. It is also clear from sections 34 and 35, that where appeals are taken the city shall proceed to collect the residue of the assessments not affected by such appeal. Suppose, upon such an appeal, the judgment as to the property included in the appeal is reversed and the cause remanded for a new trial, and upon such new trial the jury find that the property should be assessed for the proposed improvement, this necessarily involves a second judgment in regard to the same assessment as to the property covered by such appeal. In any event, where there is an appeal a part of the judgment, only, is certified to the collector. Is the residue of the judgment not to be certified when the appeal is disposed of?

In *Rich* v. *City of Chicago,* 152 Ill. 18, where a proceeding for a special assessment was before the court, it was held: "We are of opinion, therefore, that while the county court correctly set aside the verdict of the jury for the error in the admission of testimony before noted, it erred in annulling and setting aside the assessment *in toto* upon the right of way of the railroad in the north-west quarter of section 30, etc. Other objections are urged, which have been carefully considered, but have not been deemed of sufficient merit to justify discussion. For the error indicated, the judgments against appellant, the Illinois Central Railroad Company, and against the city of Chicago, in respect of the assessment of the right of way of said railroad company as located in said north-west quarter of said section 30, are reversed, *and said cause remanded*

*for further proceedings. The judgments rendered against the
other appellants are severally affirmed.*"

In *Jones* v. *Town of, Lake View*, 151 Ill. 663, it was held
that a judgment of confirmation of a special assessment
is several as to each tract or parcel of land assessed, and
a party to the assessment roll will not be affected by the
court setting aside the assessment as to lots in which
he had no interest. It was further held, that the court.
might refer the roll to the same or other commissioners
to re-cast the assessment, and for that purpose might
continue the application as to the whole or any part of
said premises, and that the judgments were several upon
the property of each objector, and it cannot concern one
as to what judgment is entered as to the property of
another.

From these authorities, and from the statute itself, it
must be held in this case, that as objections were not
filed as to the property in the verdict described, the
attempted change of the assessment on those lots by the
jury was not authorized as a finding upon any issue sub-
mitted to them for trial. At most, however, it was, as
to that question, no verdict, and could not affect the ver-
dict on the issues before them, and it was not error for
the court to strike out that part of the verdict and enter
judgment thereon.

The right to re-cast the assessment as to all or a part
of the real estate, by referring it to commissioners for
that purpose, existing in the court, there was no error
in doing so, even though a default had been entered as
to lot 36 and no objection made as to lot 24, as by so
ordering the re-casting of the assessment as to lots 36
and 24 it amounted to setting aside the default as to 36.
Nor was it error to grant a separate trial as to certain
objectors. It is within the discretion of the court to allow
such separate trial, as the proceedings and judgment as
to the lots assessed are several, though a right to de-
mand a separate trial does not exist, it being purely dis-

cretionary. The objectors in this record have no right to complain as to what was done with the lots of other owners as to the remainder of the roll, and the court having the right to continue as to the whole or any part of the premises, and refer to commissioners to re-cast the assessment as to a part, that may be done without affecting the jurisdiction of the court to proceed to trial as to another part of the objections to the roll. Such being the case, it necessarily follows that more than one judgment may be entered, as such judgment is several as to different lots. The fifth, sixth, seventh, eighth and tenth assignments of error cannot be sustained.

What is decided in *Guild* v. *City of Chicago*, 82 Ill. 472, and *Fagan* v. *City of Chicago*, 84 id. 227, is not in conflict with what is herein said, as the questions therein decided were as to the right of objectors to demand separate trials.

Without entering into a full discussion of the evidence, we are of opinion that the clear preponderance of this evidence is against this verdict on the objection that the appellants' property was assessed more than it was benefited by the improvement. The witnesses for the appellants, in their acquaintance with the locality, their knowledge of value of property there, and their fairness, as well as the greater number, testified to facts which the jury disregarded and found in favor of petitioner. But three witnesses testified who were called by the petitioner, as shown by this abstract, and two of them, Whalen and Chrisman, are employed by the city *as witnesses* in assessment cases. The fourth assignment of error is sustained.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*