### G. K. ZEIGLER et al.

*v.*

### THE PEOPLE ex rel. Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*several judgments may be rendered in special assessments.* Upon an application to confirm a special assessment roll, to which several objections are filed by several property owners, several final judgments may be entered. *Browning* v. *City of Chicago*, 155 Ill. 314, followed.

2. SAME—*requisites of judgment in special assessment.* The court is not required to include in its judgment of confirmation of an assessment for a public improvement, an order that the clerk shall certify the judgment roll and judgment to the city clerk, but that duty devolves upon the clerk by the statute itself.

3. SAME—*ordinance need not specify locality of improvement.* Failure of an ordinance for the improvement of certain streets, by name, to show that they are in the city, is not a non-compliance with the statute requiring the ordinance to specify the locality of the improvement.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

WOOLFOLK & BROWNING, and TAYLOR, RANDOLPH & McWILLIAMS, for appellants.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, upon the application of the county collector for judgment upon a delinquent special assessment of the city of Chicago, based upon a supplemental petition as to the opening of Champlain avenue. To the application for judgment appellants filed several objections, all of which were overruled. That ruling of the court below as to the following objections is, upon this appeal, urged as reversible error: First, two final judgments confirming the special assessment were entered by the county court; second, the judgment of confirmation as to objectors' property failed to order the clerk of that court to certify the assessment roll and judgment to the city collector; and third, the ordinance under which the assessment was made did not show that the improvement was in the city of Chicago.

Waiving the question whether these objections go to the substantial justice of the assessment, so as to make them available in this proceeding under section 191 of the Revenue act, it is clear, under the recent decisions of this court, that they were properly overruled. As to the first objection, see *Browning* v. *City of Chicago,* 155 Ill. 314.

The second objection is evidently urged under a misapprehension as to the requirement of section 35, chapter 24, of the Revised Statutes. It does not make it the duty of the court to include in its judgment of confirmation an order that the clerk shall certify the assessment roll and judgment to the city clerk. That duty devolves upon the clerk by the statute itself, and not from an order made by the court.

As to the third objection, see *Stanton* v. *City of Chicago,* 154 Ill. 23, *West Chicago Street Railroad Co.* v. *People ex rel.* 155 id. 299, and *Young* v. *People ex rel.* id. 247.

The judgment of the county court will be affirmed.

*Judgment affirmed.*