## NEZIAH W. BLISS *et al.*
### *v.*
## THE CITY OF CHICAGO.

*Filed at Ottawa June 15, 1895.*

1. PUBLIC IMPROVEMENTS—*ordinance need not state improvement is within the city.* An ordinance on which an assessment for a sewer improvement is based is not invalid by reason of its failing to affirmatively and specifically state that the proposed improvement is within the city. *Stanton* v. *City of Chicago,* 154 Ill. 23, followed.

2. SAME—*several judgments may be entered at different times.* Several different judgments of confirmation may be entered on different days in one and the same special assessment proceeding. *Browning* v. *City of Chicago,* 155 Ill. 314, followed.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

HAMLINE, SCOTT & LORD, and H. T. & L. HELM, for plaintiffs in error.

JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is a writ of error to reverse a judgment confirming a special assessment rendered by the county court of Cook county on the 16th day of May, 1892, in a proceeding to assess the cost of constructing a main sewer in accordance with the provisions of an ordinance of the city of Chicago, adopted by the city council on the 14th

day of March, 1892. The assessment roll was filed in the court April 28, 1892, and all the preliminary steps required by law in order to give the court jurisdiction of the property and its owners seem to have been taken. Plaintiffs in error filed no objections to the assessment roll, and on said 16th day of May, 1892, a default and judgment of confirmation were entered as against them and their property, as well as against the property of all other persons not objecting and being in default. But some of the property owners filed objections, and on seven different days subsequent to said May 16, 1892, seven other judgments of confirmation were entered as to property of different objectors.

It is urged, upon this writ of error, that the ordinance of the city of Chicago upon which the assessment was based is invalid, by reason of its failing to affirmatively and specifically state that the proposed local improvement is within the territorial limits of the city of Chicago. This contention must be decided adversely to plaintiffs in error on the authority of *Stanton* v. *City of Chicago*, 154 Ill. 23, and numerous subsequent cases.

It is also claimed that it was error to enter several different judgments of confirmation, on different days, in one and the same special assessment proceeding. This claim is not well grounded. The case, upon this question, is governed by the decisions of this court in *Browning* v. *City of Chicago*, 155 Ill. 314, *Wells* v. *City of Chicago*, *ante*, p. 148, and other cases.

We find no manifest error in the record. The judgment is affirmed.

*Judgment affirmed.*