MILO J. ANDREWS *et al.*

*v.*

THE PEOPLE *ex rel.* Kern.

*Filed at Ottawa October 11, 1895.*

Judgment upon a delinquent special assessment of the city of Chicago for a system of main sewers in certain streets, affirmed upon the authority of several recent cases.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

WOOLFOLK & BROWNING, and TAYLOR, RANDOLPH & MCWILLIAMS, for appellants.

WILLIAM J. DONLIN, JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for appellee.

Per CURIAM:   This is an appeal by several property owners from the judgment of the county court of Cook county rendered against the lands of appellants, upon the application of the county collector for judgment upon a delinquent special assessment of the city of Chicago, assessed for a system of main sewers in certain streets enumerated.

The objection is made that the ordinance and the notices failed to locate the proposed improvement within the territorial limits of the city of Chicago; also, that in the matter of the application by the city of Chicago for the confirmation of the said special assessment there were several distinct final judgments of confirmation on separate pieces of property, and that therefore there was no valid judgment upon which to predicate the application for judgment by the county collector of Cook county; and also, that the city council of the city of Chicago had passed an order staying the said application for confirmation in the said special assessment case for one year, and that the said stay was never set aside, and that several of the orders of confirmation were entered subsequently to such stay order, and within the year.   These questions have been decided by this court adversely to appellants' contentions in several recent cases, and it is unnecessary to re-state here the grounds upon which they were so decided.   See *Browning* v. *City of Chicago,* 155 Ill. 314; *West Chicago Street Railroad Co.* v. *People ex rel.* id. 299; *Young* v. *People ex rel.* id. 247; *Stanton* v. *City of Chicago,* 154 id. 23; *Zeigler* v. *People ex rel.* 156 id. 133; *Wisner* v. *People ex rel.* id. 180.

Following these cases, the judgment must be affirmed.
*Judgment affirmed.*