FRANK KIRCHMAN

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Filed at Ottawa January 20, 1896.*

1. This case, on the question of notice, follows *Hertig* v. *People*, (*ante,* p. 237.)

2. TAXES—*what makes prima facie case on application for judgment.* The collector, on application for judgment for taxes, makes a *prima facie* case by his sworn report of delinquent lands, together with proof of publication thereof and notice of his application.

3. APPEALS AND ERRORS—*points relied upon on appeal must have been made below.* On appeal from a judgment against property for a delinquent special assessment no points can be urged which were not embodied in the objections below.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellants.

Per CURIAM: This is an appeal from the judgment of sale entered by the county court of Cook county upon delinquent special assessment warrant No. 19,386, for constructing a brick and vitrified tile-pipe sewer in Twenty-fifth court, levied under authority of the city of Chicago. Appellant entered his special appearance, for the only purpose of questioning the jurisdiction of the court. His objection was overruled and judgment of sale entered, from which this appeal is prosecuted.

There is properly but one question before us, and that is whether or not the court below had jurisdiction of the case. The facts upon which appellant bases his contention that it had not, are the same as in the case of *Hertig* v. *People ex rel.* (*ante*, p. 237.) For the reasons stated in that opinion the court had jurisdiction. See, also, *Bass* v. *People ex rel.* (*ante*, p. 207.)

The collector made a *prima facie* case by his sworn report of the list of delinquent lands, together with proof of publication thereof and notice of his application. The judgment below was therefore proper, unless good cause was shown to the contrary. "If there be any valid objections not appearing on the face of said delinquent list, notice and proof of publication, it is for the land owner to point them out and make them appear. In this respect there is no difference between these special assessments and any other tax." (*People* v. *Givens*, 123 Ill. 352, and cases cited.) It is also well settled that only such objections to the judgment can be urged against the assessment or tax as are specifically made in writing, at the time of the application. The trial is only upon the points raised by objections filed, the presumption being that all else is admitted to be correct and free from objection. (*Karnes* v. *People ex rel.* 73 Ill. 274; *Chicago and Alton Railroad Co.* v. *People ex rel.* 155 id. 276.) These decisions but give effect to section 291, chapter 120, of the statute. Notwithstanding appellant filed no objection to the assessment on account of irregularities in the proceeding by which it was levied, he now insists that the judgment below is erroneous because of such irregularity. This, on the authorities above cited, he cannot do.

We are also of the opinion that the objection to the assessment, when the whole record is considered, amounts to no more than an irregularity, not subject to attack in this collateral proceeding. Whether the court had the power to expunge the order purporting to be a dismissal of the assessment proceeding or not, it is clear that there was a final judgment of confirmation, upon proper notice, and the case was at no time treated as dismissed.

The judgment of the county court will be affirmed.

*Judgment affirmed.*