CHARLES W. BOYNTON *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Collector.

*Filed at Ottawa April 3, 1897.*

TAXES—*new notice of sale must be given when judgment of sale has been affirmed on appeal.* Where a judgment of sale for a delinquent assessment has been affirmed, on appeal, after the time specified in the original notice of sale published with the delinquent list has expired, the county court has no power to order the property sold at public sale without a new notice.

CRAIG, PHILLIPS and CARTER, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILSON, MOORE & MCILVAINE, WILLIAM J. DONLIN, CHARLES T. MASON, RICH & STONE, TAYLOR & MCWILLIAMS, and MASON BROS., for appellants.

JOHN D. ADAIR, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from an order of sale, made by the county court on August 18, 1896, upon motion of the county collector in eleven different cases, wherein judgments for sale of lands for non-payment of delinquent assessments had been rendered in prior years, seven of them in 1895 for assessments levied in 1894, and four of them in 1894 for assessments levied in 1893. In these cases objections had been filed by the appellants and other property owners. These objections were overruled by the county court, and appeals were taken by the appellants here, objectors there, to this court. The judgments were affirmed by this court. The eleven cases here referred to have been reported and are as follows: *Rasmussen* v. *People*, 155 Ill. 70, in which the judgment was affirmed on January 15, 1895; *Zeigler* v. *People*, 156 Ill. 133,

in which the judgment was affirmed on April 1, 1895; *Andrews* v. *People*, 158 Ill. 477, in which the judgment was affirmed on October 11, 1895; *Kirchman* v. *People*, 159 Ill. 265, *Casey* v. *People*, id. 267, *Kirchman* v. *People*, id. 321, and *Boynton* v. *People*, id. 553, in which the judgments were affirmed on January 20, 1896; *Lingle* v. *People*, 160 Ill. 424, *Dickey* v. *People*, id. 587, *Same* v. *Same*, id. 633, and *Kimball* v. *People*, id. 653, in which the judgments were affirmed on March 28, 1896. A reference to these decisions will disclose the nature of the objections made to the applications for judgment, and the reasons for affirmance of the judgments. After the judgments were so affirmed, copies of the orders of affirmance were filed in the county court.

Thereupon, upon motion of the county treasurer or collector, the county court entered the order or judgment above mentioned of August 18, 1896, by which said causes were consolidated; and by which after finding, that judgments for the sale of the lands were theretofore entered at the July term, 1894, in certain of the causes, and at the July term, 1895, in the rest of the causes, and that appeals were taken and the judgments affirmed; and after further finding, that the only notices of sale, which were given, were the general notices, published in the delinquent lists for the years 1894 and 1895 and made a part of the application for judgment in those years, and that, in said years 1894 and 1895 respectively, sales were begun and completed on December 15, in each of those years, and that at said sales none of the property described in said objections, or as to which appeals were taken, was sold; and after further finding, that no other notices than the notices in the application for judgment in July respectively of 1894 and 1895, had been given or were contemplated, and that none of said property had appeared in any of the delinquent lists published since the entry of the respective judgments above mentioned; and after further finding, that no new notice of sale was necessary;—it was ordered and adjudged by the county

court, that the county collector should proceed to carry into effect the affirmed judgments of sale theretofore entered in said causes and to sell the several tracts or lots of land therein mentioned on September 21, 1896, or on each successive day thereafter, until said tracts of land should be sold, unless the amounts for which judgments were rendered should be paid previously thereto; and that all sales should be made without any new notices therefor.  In other words, on August 18, 1896, the county court made an order, directing that the property of appellants should be sold on September 21, 1896, without giving any new notice of sale, and without ·any other notice of sale than that which was given when the application was made for judgments of sale against the property.  The supplemental motion or application, made by the county collector in the county court, assumes that the original judgments of sale, after the same had been affirmed by the Supreme Court, might be executed by a sale, made in 1896 upon judgments entered in 1894 and 1895, without any notice of the time and place where the sale would be held.

The question presented is this: where a judgment for sale of land for non-payment of a delinquent special assessment is appealed to the Supreme Court and is affirmed, and the time has expired for which the original notice was given without any sale of the premises, has the county court the power to direct that the property shall be sold at public sale without any new notice?

It is contended by appellee, that the law does not require any new notice to be given by the county collector; that the present statute has dispensed with the necessity for a new notice.  We cannot agree with counsel in this contention.  Section 193 of the Revenue act is as follows: "If judgment is rendered by any court, at any time, against any lands or lots, for any tax or special assessment, the county collector shall, after publishing a notice for sale, in compliance with the requirements of

section 182 of this chapter, proceed to execute such judgment by the sale of lots and lands against which such judgment has been rendered: *Provided, however*, that in case of an appeal from any such judgment the collector shall not sell until such appeal is disposed of." (3 Starr & Curtis' Stat.—2d ed.—p. 3479).

The proviso to this section must be construed in accordance with the ordinary rules, which apply to provisos in statutes. "A proviso in a statute is intended to qualify what is affirmed in the body of the act, section or paragraph preceding it." The proviso here qualifies that part of section 193, which precedes it. A proviso "should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter. It is to be construed in connection with the section of which it forms a part, and is substantially an exception. If it be a proviso to a particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached." (Sutherland on Stat. Const. sec. 223.) If the proviso here be construed with reference to the immediately preceding parts of the section to which it is attached, the word, "sell," as used therein, must be held to refer to the sale named in the first sentence of the section. The proviso states, that, in case of an appeal, the collector shall not sell until such appeal is disposed of; that is to say, he shall not publish a notice of sale in compliance with the requirements of section 182, and proceed to execute the judgment by the sale of the lots and lands, until the appeal is disposed of. The meaning is clear, that, when the appeal is disposed of, he shall proceed to make sale in the manner specified in the preceding part of the section; that is to say, he shall, after publishing a notice of sale in compliance with the requirements of section 182, proceed to execute the judgment by such sale. There is here an express requirement, that the sale shall only take place after publishing

a notice thereof, and it is furthermore required, that the notice shall be in compliance with the requirements of section 182.

Section 182 provides, that, at any time after the first day of April next after the delinquent taxes and special assessments become due, the collector shall publish an advertisement, giving notice of his intended application for judgment for sale of the delinquent lands; it specifies what such advertisement shall contain, and how and how often it shall be published; it then provides, that said collector shall not only give notice that he will apply for judgment and for an order of sale, but shall also give notice, that on a certain Monday next succeeding the day fixed by law for the commencement of such term of the county court, all the lands and lots, for the sale of which an order shall be made, will be exposed to public sale, etc. After a judgment of sale for delinquent special assess ments has been taken by appeal to the Supreme Court and affirmed, we see no reason why a new notice of sale cannot be given in accordance with the terms of section 182. It is unnecessary to enter a new order of sale, be cause an order of sale was entered when the original judgment was rendered and as a part of that judgment. When, after the affirmance of the judgment, the collector next makes application for judgment against delinquent lands and gives notice, that the lands, for the sale of which an order shall be made, will be exposed to public sale, he can, at the same time and in the same notice, give notice that the lots and lands already ordered to be sold under the judgments previously rendered, which had been appealed and had on appeal been affirmed, will be exposed to public sale at the same time. Such notice can contain a list of the delinquent lands and lots against which the judgments of sale for special assessments re main due and unpaid, and the names of the owners, and the total amounts due, and the year or years for which the same are due.

It was never contemplated by the legislature, that the property of citizens should be sold at public sale without giving notice of the time and place when such sale is to take place. Not only does section 182 provide for such notice, but section 193 also provides for the same. Section 201 also provides, that the collector shall attend "on the day specified in the notice for the sale of real estate." The object of having a public sale is, that there may be competition in bidding. There can be no assurance that bidders will be present, unless notice of the sale is given beforehand. "That the law should direct a public sale of property without notice to be given would be a perfect anomaly, and would lead to consequences so mischievous, that we could not, without the strongest necessity, be justified in imputing such a course to the legislature." (*Mallee v. Fenwick*, 4 Rand. Va. 585). The sale cannot be made in pursuance of the previous notice given before the rendition of the judgments appealed from. The original notice for 1894 fixed a day in August of that year for the commencement of the sale, and the sale continued, until the lots not appealing were sold, and ended on December 15, 1894. For 1895, the notice fixed a day in August of that year for the sale, and the sale of the lots, as to which no appeals were taken, was completed in December of that year. It is impossible, therefore, that those notices could give any information to the public of the time and place of the present sale, which was ordered to take place on September 21, 1896. Nor was the property, in question here, included in the notice of the tax sale of 1896.

Counsel for appellee takes the position, that the statute did not contemplate a new notice of sale after a judgment of sale for a delinquent special assessment had been appealed and affirmed, because prior statutes passed in 1875 and 1877 required the publication of a notice of sale after appeal and affirmance, and yet when the present section 193 of the Revenue act was passed in 1879 amending such previous acts, it did not contain, but omitted,

such former provisions in regard to giving notice of sale. But in view of the construction already given to section 193, it is apparent, that that section does provide for publishing notice for sale after the appeal is disposed of.

It is to be remembered, that in 1877 section 192 was amended, so as to require parties taking appeals, or suing out writs of error which should operate as a *supersedeas*, to deposit with the county collector an amount of money equal to the amount of the judgment and costs; and that, in case the judgment should be affirmed in whole or in part by the Supreme Court, the latter court should enter judgment, and order the amount deposited with the collector to be credited upon the judgment, and execution to issue for the balance of the judgment, damages and costs. In 1879, when the present section 193 was passed, the framers of it evidently had in mind the amendment so made to section 192 in 1877. Section 193 refers to a judgment "rendered by any court," while section 182 refers to judgments by the county court only. Section 193 refers to a judgment "rendered by any court at any time," whereas section 182 refers to judgments rendered by the county court at a particular specified time. It is, therefore, evident that section 193 has a broader scope than the sections preceding it, and evidently contemplates cases where the notice of sale may be given after the judgment has been rendered, as well as cases where the notice of sale is a part of the notice of application for judgment.

We think the county court erred in entering an order requiring the property of appellants to be sold without any new notice of sale. The order of the county court is reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

CRAIG and PHILLIPS, JJ., dissenting.

CARTWRIGHT, J.: I do not think a collector must wait until his next annual notice.