### Louise C. Clarke v. William E. Chamberlin et al.

1. PARTIES—*Persons Described as Unknown Owners.*—Where a person was made a party to a bill as the unknown owner of a note, but filed an answer and cross-bill, he is bound by the decree, although the bill was not amended so as to make him a party by name.

Clarke v. Chamberlin.

2. NOTICE—*Proof of Publication of.*—The publication of a notice of a sale of real estate under a decree of foreclosure may be proved by the certificate of the publisher of the paper printing such notice, with a copy of such notice annexed, stating the number of times the same has been published, and giving the dates of the first and last papers containing such notice; such certificate need not show the date of other publications.

**Bill,** for redemption from mortgage sale.   Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1897.   Affirmed.   Opinion filed May 24, 1897.

WILBUR N. HORNER, attorney for appellant.

None are parties, although named in the bill, against whom process is not prayed.   Story Equity Pleading, par. 44.

The defendants are the persons against whom process is prayed.   It is not sufficient that a person be mentioned as a defendant; process must be actually prayed against him. Mitford & Tyler's Pleadings, page 17.

If party is known, can not be treated as an unknown owner.   Mulvey v. Gibbons et al., 87 Ill. 377.

A decree does not bind a person who, though joined in the bill, is not in some way brought in or put in default.   Pope v. North, 33 Ill. 441.

A sale is void if made on a different notice than that ordered in the decree.   Glen v. Wolten, 3 Md. Ch. 514; Reynolds v. Wilson, 15 Ill. 395.

The certificate should show that all the requirements of the statute have been complied with.   Finch v. Pinckard, 5 Ill. 69.

The date of the publication of the notice should appear in the affidavit.   Milam v. Thomasson, 7 Mon. (Ky.) 324; Tevis v. Richardson, 7 Mon. (Ky.) 654; King v. Harrington, 14 Mich. 532.

An affidavit of publication for " six successive weeks " does not show that the publication was made " once in each week " for the period stated.   Godfrey v. Valentine, 39 Minn. 336.

An affidavit that a summons was published "six weeks

successively" does not show a compliance with a statute requiring publication for "not less than once a week for six weeks." Frisk v. Reigleman, 75 Wis. 499; Ramsey v. Hommel, 68 Wis. 12; Morris v. Carmichael, 68 Wis. 133.

LYMAN M. PAINE, attorney for appellee, Wm. E. Chamberlin.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

May 20, 1896, the appellant filed this bill to redeem from a sale under foreclosure made January 29, 1895, to Chamberlin.

She bases her right to redeem upon two grounds:

First. When the foreclosure suit was commenced she was the holder of a note made by a remote grantee of the mortgagor, payable to himself and by him indorsed, which was secured by a trust deed upon the same property.

The trustees named in that deed of trust, and the unknown owners of the note she held were made defendants to the bill to foreclose, and she appeared and answered and filed her cross-bill in the suit as the owner of the note, and a decree was entered which provided for the payment to her of what was due to her, first satisfying the demands of the prior mortgagee.

On this state of facts she says that the bill to foreclose never having been amended so as to make her a party defendant by name, she was no party to the decree, and not barred of her right to redeem as a subsequent incumbrancer, though the lapse of time had cut off the right of the defendants to the suit. She was a party by her answer and cross-bill. Marsh v. Green, 79 Ill. 385. She is bound by the decree.

Her second ground of attack is that the certificate of publication of notice of the sale in accordance with the decree is not sufficient. The certificate is:

"Review Printing and Publishing Company, publishers of the Chicago Daily Law Bulletin, do hereby certify that a notice, of which the annexed printed slip is a true copy, was published for three successive weeks, to wit, three times in the Chicago Daily Law Bulletin, a public daily newspaper

published in the city of Chicago, county of Cook and State of Illinois, and of general circulation throughout said county and State, and that the date of the first paper containing the same, was on the 6th day of February, A. D. 1895, and that the date of the last paper containing same was the 20th day of February, 1895, and that we have received $11 for publishing the same.

Dated at Chicago, this 21st day of February, 1895.

(Signed)    REVIEW PRINTING AND PUBLISHING COMPANY,

Publishers.

[SEAL.]    By D. G. NEWELL, Secretary."

And the criticism of the appellant that it does not show the date of the second publication should be addressed to the legislature, and not to the courts.    McChesney v. People, 145 Ill. 614.

The decree, dismissing the bill on demurrer, is right, and it is affirmed.