THE PEOPLE ex rel. N. E. Matter, County Collector, Defendant in Error, vs. THE CHICAGO TITLE AND TRUST COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1915.*

1. TAXES—*no new order of sale should be entered after judgment has been affirmed.* After a judgment and order of sale for delinquent special assessments has been affirmed by the Supreme Court it is improper to enter a new order of sale in the trial court, as the order of sale made when the original judgment was entered is a part of such judgment.

2. SAME—*what should be in collector's notice after a judgment for taxes has been affirmed.* After a judgment and order of sale for delinquent special assessments or taxes has been affirmed, all that remains to be done is for the collector, when he gives notice of his intended application for judgment and order of sale for other delinquent taxes or assessments, to state in the notice that the lots and lands already ordered to be sold on judgments previously rendered, and which have been affirmed on appeal, will be exposed for public sale at the same time.

WRIT OF ERROR to the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

GEORGE A. MASON, and WILLIAM J. DONLIN, for plaintiff in error.

A. B. SNOW, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon the application of the county collector, the county court of DuPage county, on April 21, 1913, entered a judgment for the third, fourth and fifth delinquent installments of a special assessment for the paving of Maple avenue, in the city of Downer's Grove, and ordered the sale of plaintiff in error's land. Upon appeal this judgment and order of sale were affirmed in *People* v. *Chicago Title and Trust Co.* 261 Ill. 392. Plaintiff in error having failed to pay any portion of the judgment rendered, the county collector

again applied to the county court, at the June term, 1915, for judgment and an order of sale against the same real, estate for the same delinquent installments of this special assessment. The notice published by the county collector contained a list of the delinquent installments, together with the amounts due, a description of the property which it was sought to subject to the payment of the same, and the name of the Chicago Title and Trust Company as owner. It made no reference to the judgment and order of sale formerly obtained in the county court, but the notice, so far as these delinquent installments are concerned, was the same as that given in reference to all the other delinquent taxes for which application for judgment and order of sale were being made at that term. Upon the hearing the collector, by leave of court, withdrew his application for judgment and asked only for an order of sale upon the prior judgment entered for said installments on April 21, 1913. Various objections were interposed by plaintiff in error, all of which were overruled, and an order was entered directing the real estate involved to be sold to satisfy the judgment of April 21, 1913, together with interest thereon at the rate of five per cent per annum from the date of the judgment. The court having denied an appeal, the Chicago Title and Trust Company sued out this writ of error.

Various grounds for reversal are urged, none of which will be considered for the reason that the order of sale entered was a nullity. After a judgment and order of sale for delinquent special assessments has been affirmed by the Supreme Court it is improper to enter a new order of sale in the trial court, for the reason that an order of sale was entered when the original judgment was rendered and is a part of that judgment. (*Boynton* v. *People,* 166 Ill. 64.) After the affirmance of such judgment it is the duty of the collector, when he next gives notice of his intended application for judgment and for order of sale for delinquent special assessments or other delinquent taxes, to include in

his advertisement a notice that the lots and lands already ordered to be sold under judgments previously rendered, and which had on appeal been affirmed, will be exposed to public sale at the same time.   (*Boynton* v. *People, supra.*) The owners of the lands against which judgments have been rendered and orders of sale entered have had their day in court, and are no longer entitled to litigate the question of the validity of the taxes or special assessments or to question in any way the validity of such judgment and order of sale.   Nothing remains to be done except to give a proper notice of the time and place when and where the lands involved will be sold to satisfy the delinquent taxes or special assessments.   While it is the duty of the county collector to give such notice when he next gives notice of his intended application for judgment and order of sale for delinquent taxes and special assessments, if for any reason he fails to give such notice at that time it may be given any year thereafter when notice is given of his intended application for judgment and order of sale for delinquent taxes and special assessments.   Had the collector in this instance given the proper notice nothing would have remained to be done except to offer the land for sale upon the date advertised.   The collector did not follow the procedure indicated in *Boynton* v. *People, supra,* but gave the usual notice that he would apply for judgment and order of sale.   This was not a sufficient notice to warrant him to expose for sale lands which were liable to be sold under a judgment and order of sale formerly obtained.

As the court was without power to further adjudicate this matter the order is reversed.   *Order reversed.*