(No. 11747.—Decree affirmed.)
WILLIAM T. STONE *et al.* Appellants, *vs.* MABEL B. STONE *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. WILLS—*attesting witnesses need not read will nor know its contents.* It is not necessary that a will be read to the attesting witnesses nor do they need to know its contents before attesting.

2. SAME—*no more than two attesting witnesses need testify in circuit court.* To entitle a will to probate it must be attested by two or more credible witnesses and two of the witnesses must testify on the probate of the will, and where there are three attesting witnesses it is only necessary that two of them testify on the hearing in the circuit court.

3. SAME—*objection that a third attesting witness was not called cannot be first raised in Supreme Court.* An objection that one of the three attesting witnesses was not called to testify on the probate of a will cannot be first raised in the Supreme Court, as the objection is waived if not raised in the trial court when it was possible to secure the desired witness.

APPEAL from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding.

HENRY N. MILLER, for appellants.

HUGH O'NEILL, for appellee Mabel B. Stone.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county ordering that the will of John A. Stone be admitted to probate. The testator died January 7, 1917, in Chicago, leaving him surviving one son and five daughters, and his widow, Mabel B. Stone. The widow was his second wife and not the mother of his children. He died seized of real and personal property in Cook county valued at about $13,500. January 10, 1917, the widow presented an instrument as the last will and testament of the deceased, dated June 14, 1916, which provided that she should have a life estate in all his property, the same to be used by her in whatsoever manner she may desire, without accounting to anyone therefor, and that at her death such portion of the estate as may then remain in her hands should be divided equally among testator's children. This will was attested by three witnesses, Oscar Schwendeman, E. Littell Pulver and George Strache. Two other names, Frank Weber and C. A. Derebey, are signed to the attesting clause, and, so far as the face of the will is concerned, appear to be attesting witnesses, but it appeared by the testimony that Weber acknowledged the signatures of the three witnesses above his name as notary public, and that Derebey was Stone's family physician and signed his name to the will some time after it was attested by the other witnesses, on the request of the testator that he do so if he believed the testator was of sound mind and memory. There is nothing in the record to show whether all three of the attesting witnesses testified in the probate court at the time the will was admitted to probate in that court. On the appeal to the circuit court only Schwendeman and Pulver testified. Schwendeman testified that Strache was not in court on that day as a witness because he was sick with a headache, otherwise he would have been there. Weber was present when the will was attested by Schwendeman, Pulver and Strache.

The instrument contains two pages, and by the testimony it appears that at the time it was signed by the testator and attested by the witnesses the first page was pinned over so that it could not be read, and that Stone stated that he would just as soon they did not look at what the will contained. Schwendeman, Weber and Pulver all testified they did not know what was on the first page, as it was so pinned over.

Counsel for appellants argues, first, that the first page of the will was not sufficiently identified to admit it to probate because the attesting witnesses testified that they did not know what was on the first page. No authority is cited, and we know of none, that requires a will to be read to the attesting witnesses or that the witnesses shall know its contents before attesting. Section 2 of the Illinois statute on wills requires, only, that at least two attesting witnesses shall testify that they were present and saw the testator sign the will or testament in their presence or acknowledged the same to be his act and deed, and that they believed that the testator was of sound mind and memory at the time he signed or acknowledged. (Hurd's Stat. 1916, p. 2695.) The law does not require that the attesting witnesses should read or know the contents of the will. There is no proof that any page had been substituted for one of the original pages, and we think the testimony of the attesting witnesses sufficiently identified the document in question as the last will and testament of the testator, Stone.

Counsel for appellants further argues that the statute requires the proponent to produce on the trial in the circuit court each and every attesting witness to the alleged will, and that as the witness Strache did not testify on the hearing before the circuit court the court erred in admitting the will to probate. The statute as to the hearing in the circuit court does not so provide and counsel does not claim that it does, but insists that under the construction given to said statute by this court in *St. Mary's Home* v. *Dodge,* 257

Ill. 518, *In re Will of Simon,* 266 id. 304, and *Thompson* v. *Owen,* 174 id. 229, all the subscribing witnesses must testify on the hearing before the circuit court before the probate of the will can be allowed. The point here raised, that if there are more than two witnesses to a will all must testify in the circuit court, was not involved or passed upon in any of those cases, and what was said in those opinions was clearly said as to both of the subscribing witnesses being called to testify in the circuit court when there were only two subscribing witnesses. This court has repeatedly held that to entitle a will to probate it must be attested by two or more credible witnesses and that two of the witnesses must testify to the matters specified by the statute. (*Dickie* v. *Carter,* 42 Ill. 376; *Crowley* v. *Crowley,* 80 id. 469; *In re Estate of Kohley,* 200 id. 189.) It has also been held that if a will be attested by three witnesses, one of whom is incompetent to attest it, said will can be probated on the testimony of the two competent witnesses, (*Ackless* v. *Seekright,* Breese, 76,) and this is the general rule. (30 Am. & Eng. Ency. of Law,—2d ed.—593; Page on Wills,—1901 ed.—sec. 190.) This objection is without merit.

It is not improper to say, as urged by counsel for appellees, that as this question was not raised in the trial court it was waived and cannot be raised for the first time on appeal. (*Kirchman* v. *People,* 159 Ill. 265; *Decker* v. *Stansberry,* 249 id. 487.) Had appellants raised this point below and had the trial court thought there was any merit in it, the other attesting witness, George Strache, could easily have been called as a witness. This question not having been raised in the trial court it cannot be first urged here. The provisions of the Practice act that no exception need be taken to the final judgment or to the rulings of the court have no bearing on this question.

The decree of the circuit court will be affirmed.

*Decree affirmed.*